Receipt number 9998-4222658

**FILED**

**Oct 2 2017**

In The United States Court of Federal Claims

**U.S. COURT OF
FEDERAL CLAIMS**

| | |
|---|---|
| Edgar Ablan, Neil Alba, Waseem Ahmad, | § |
| Christina Banker, Karen and Thomas Bavoso, | § |
| Stephen Burrows, Patti Butler, | § |
| Gary and Mary Carville, Sangyup Chae, | § |
| Jose Casas, Jon Christenson, Brandi Clancy, | § |
| Omar and Patricia Corollo, | § |
| Maria and Hector Delgado, Hemraj Gaidhani, | § |
| Marcial and Ivonne Felix, Reyna Gamero, | § |
| Fernando and Lydia Garcia, | § |
| William and Amy Gleason, Craig Goeses, | § |
| Carolyn Gomez, Darnell Green, Heidi Hancock, | § |
| Janier Higaredo-Perez, Zhou and | § |
| Josephine Huang, Mark Hundley, Tena Jarolimek, | § |
| Cynthia and Gregory Johnson, | § |
| Michael and Carla Jones, Eduardo Jurado, | § |
| Mohamad Kaafarani, Karl and Johanna Krueger, | § |
| Pita Kleber, Mohammed Khan, Vijay Lakkaraju, | § |
| Ji Young Lee, George Martinez, | § |
| Mehmandoost Mehrzad, | § |
| Robert and Marina Miklaszewicz, | § |
| Alajendro Navarrete, Trish Nguyen, | § |
| Daniel Park, Jason Pearce, Marixa Peraza, | § |
| Vladimir and Ellie Petsev, Suzanne Powell, | § |
| Sherri Putt, Enelia Ramos, Sahraei Ranjbar, | § |
| Carlos Remis, Tonmoy Roy, Jesse Shurtz, | § |
| Matthew Sparks, Franky and Hartati Sulistio, | § |
| Resan Sumo, Frankie Sulistio, | § |
| Cindy Tan-Hartono, Christopher Tedder, Annmarie | § |
| Van-Netter, Leanne and Jesus Vargas, | § |
| Pablo Vives, Formunyoh Walters, | § |
| Eckie Woodard, Nasser Zaghmout | § |
| and Lorena and Herberto Zamora, | § |
| | § |
| Plaintiffs, | § |
| vs. | § |
| | § |
| The United States of America | § |
| | § |
| Defendant. | § |

No.  17-1409 L

**Complaint**

Plaintiffs Edgar Ablan, Neal Alba, Waseem Ahmad, Christina Banker, Karen and Thomas Bavoso, Stephen Burrows, Patti Butler, Gary and Mary Carville, Sangyup Chae, Jose Casas, Jon Christenson, Brandi Clancy, Omar and Patricia Corollo, Maria and Hector Delgado, Hemraj Gaidhani, Marcial and Ivonne Felix, Reyna Gamero, Fernando and Lydia Garcia, William and Amy Gleason, Craig Goeses, Carolyn Gomez, Darnell Green, Heidi Hancock, Janier Higaredo-Perez, Zhou and Josephine Huang, Mark Hundley, Tena Jarolimek, Cynthia and Gregory Johnson, Michael and Carla Jones, Eduardo Jurado, Mohamad Kaafarani, Karl and Johanna Krueger, Pita Kleber, Mohammed Khan, Vijay Lakkaraju, Ji Young Lee, George Martinez, Mehmandoost, Mehrzad, Robert and Marina Miklaszewicz, Alajendro Navarrete, Trish Nguyen, Daniel Park, Jason Pearce, Marixa Peraza, Vladimir and Ellie Petsev, Suzanne Powell, Sherri Putt, Enelia Ramos, Sahraei Ranjbar, Carlos Remis, Tonmoy Roy, Jesse Shurtz, Matthew Sparks, Franky and Hartati Sulistio, Resan Sumo, Cindy Tan-Hartono, Christopher Tedder, Annmarie Van-Netter, Leanne and Jesus Vargas, Pablo Vives, Formunyoh Walters, Eckie Woodard, Nasser Zaghmout and Lorena and Herberto Zamora  file this Complaint against the United States for its taking of their real and personal property.  The U.S. Army Corps of Engineers ("Corps") designed and operated a system of reservoirs in west Houston that resulted in sustained flooding of their residences and places of business, to such extent to operate a taking for public use.  In return for that taking, Plaintiffs seek just compensation granted by the Fifth Amendment to the

United States Constitution.

## 1. The Parties and Property at Issue

1.1    Plaintiffs are all individuals and families residing on the west side of Houston, asserting claims, not as a class, but independently alongside each other for compensation for property taken by federally-controlled flood-water captured and stored within the Addicks and Barker reservoirs, as occurred in the last week of August 2017, and again whenever else in the future the Corps chooses. Specifically, Plaintiffs are:

1.1.1    Plaintiff Edgar Ablan is a homeowner who resides in Katy, Texas. Mr. Ablan owns a single-family home located at 4203 Cambry Park, Katy, Texas 77450, more particularly described as Fairways at Kelliwood, Section 1, Block 2, Lot 5. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Ablan seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.2    Plaintiff Neal Alba is a homeowner who resides in Katy, Texas. Mr. Alba owns a single-family home located at 6102 Royal Hollow Lane, Katy, Texas 77450, more particularly described as Grand Lakes Phase Three, Section 9, Block 3, Lot 1. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part

of its retention system, Mr. Alba seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.3    Plaintiff Waseem Ahmad is a homeowner who resides in Houston, Texas. Mr. Ahmad owns a single-family home located at 16111 Aspenglenn Drive, #401, Houston, Texas 77084, more particularly described as   Unit 401, Building E, Aspen Club Condo, Phase 1. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Ahmad seeks to recover just compensation from the Corps for its taking of  his real and personal property for public use.

1.1.4    Plaintiff Christina Banker is a homeowner who resides in Katy, Texas. Ms. Baker owns a single-family home located at 4614 Kelliwood Manor Lane, Katy, Texas 77450, more particularly described as Kelliwood Park, Block 1, Lot 36. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Ms. Banker seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.5    Plaintiffs Karen and Thomas Bavoso are homeowners who reside in Katy, Texas. Mr. and Mrs. Bavoso own a single-family home located at 20710 Whitevine Way, Katy, Texas 77450, more particularly described as Cinco Ranch Southpark Section 1, Block 1, Lot 42. As a result of the Corp's design and operation of the Addicks/Barker reservoir

system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Bavoso seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.6    Plaintiff Stephen Burrows is a homeowner who resides in Katy, Texas. Mr. Burrows owns a single-family home located at 3307 Pedernales Trails Lane, Katy, Texas, more particularly described as Cinco Ranch Equestrian Village, Section 2, Block 2, Lot 38. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Burrows seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.7    Plaintiff Patti Butler is a homeowner who resides in Katy, Texas. Ms. Butler owns a single-family home located at 3919 Belvoir Park Drive, Katy, Texas, more particularly described as Greens at Willow Fork, Section 1, Block 1, Lott 22. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Ms. Butler seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.8    Plaintiffs Gary and Mary Carville are homeowners who reside in Houston, Texas. Mr. and Mrs. Carville own a single-family home located at 13539 Leedwick Drive,

Houston, Texas 77041, more particularly described as Lot 4, Block 6, Concord Bridge, Section 7. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Carville seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.9   Plaintiff Jose Casas is a homeowner who resides in  Houston, Texas. Mr. Casas owns a single-family home located at 13702 Wheatbridge, Houston, Texas 77041, more particularly described as Lot 1, Block 1, Concord Bridge, Section 8. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr.  Casas seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.10  Plaintiff Sangyup Chae is a homeowner who resides in Katy, Texas. Mr. Chae owns a single-family home located at 5903 Bailey Springs Court, Katy, Texas 77450, more particularly described as Grand Lakes, Phase Three, Section 8, Block 1, Lot 13. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr.  Chae seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.11 Plaintiff Jon Christenson is a homeowner who resides in Katy, Texas. Mr. Christensen owns a single-family home located at 6215 Canyon Rock Way, Katy, Texas 77450, more particularly described as Canyon Gate, Cinco Ranch, Section 3, Block 1, Lot 55. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Christenson seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.12 Plaintiff Brandi Clancy is a homeowner who resides in Katy, Texas. Ms. Clancy owns a single-family home located at 6507 Everhill Circle, Katy, Texas 77450, more particularly described as Cinco Ranch, Southpark, Section 1, Block 4, Lot 16. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Ms. Clancy seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.13 Plaintiffs Omar and Patricia Corallo are homeowners who reside in Katy, Texas. Mr. and Mrs. Corallo own a single-family home located at 20818 Grenoble Lane, Katy, Texas 77450, more particularly described as Cinco Ranch, Southpark, Section 1, Block 1, Lot 19. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Corallo seek to recover

just compensation from the Corps for its taking of their real and personal property for public use.

1.1.14 Plaintiffs Maria and Hector Delgado are homeowners who reside in Houston, Texas. Mr. and Mrs. Delgado own a single-family home located at 5510 Charlestown Colony, Houston, Texas 77084, more particularly described as Lot 12, Block 3, Charlestown, Colony, Section 2. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Delgado seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.15 Plaintiffs Marcial and Ivonne Felix are homeowners who reside in Cypress, Texas. Mr. and Mrs. Felix own a single-family home located at 11110 Riata Canyon Drive, Cypress, Texas 77433, more particularly described as L0t 18, Block 6, Riata West Amend. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Felix seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.16 Plaintiff Hemraj Gaidhani is a homeowner who resides in Katy, Texas. Mr. Gaidhani owns a single-family home located at 21411 Crystal Greens Drive, Katy, Texas 77450, more particularly described as Kelliwood Greens, Section 2, Block 3, Lot 9. As a

result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Gaidhani seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.17 Plaintiff Reyna Gamero is a homeowner who resides in Katy, Texas. Ms. Gamero owns a single-family home located at 6427 Faulkner Ridge, Katy, Texas 77450, more particularly described as Cinco Ranch, Southpark, Section 1, Block 3, Lot 7. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Ms. Gamero seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.18  Plaintiffs Fernando and Lydia Garcia are homeowners who reside in Houston, Texas. Mr. and Mrs. Garcia own a single-family home located at 15707 Cascade Point Drive, Houston, Texas 77084, more particularly described as Lot 56, Block 23, Bear Creek Village, Section 7. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Garcia seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.19 Plaintiffs William and Amy Gleason are homeowners who reside in Katy, Texas. Mr. and Mrs. Gleason own a single-family home located at 581r  Calico Crossing Lane, Katy, Texas 77450, more particularly described as Grand Lakes, Phase Three, Section 8, Block 3, Lot 13. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Gleason seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.20 Plaintiff Craig Goeses is a homeowner who resides in Katy, Texas. Mr. Goeses owns a single-family home located at 20834 Figurine Court, Katy, Texas 77450, more particularly described as Cinco Ranch Southpark, Section 3, Block 4, Lot 74. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Ms. Goeses seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.21 Plaintiff Carolyn Gomez is a homeowner who resides in Katy, Texas. Ms. Gomez owns a single-family home located at 6315 Faulkner Ridge Drive, Katy, Texas 77450, more particularly described as Cinco Ranch, Southpark, Section 1, Block 1, Lot 2. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part

of its retention system,  Ms. Gomez seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.22  Plaintiff Darnell Greene is a homeowner who resides in Richmond, Texas. Mr. Greene owns a single-family home located at 7818 Gable Bridge Lane, Richmond, Texas 77407, more particularly described as Grand Mission, Section 13, Block 1, Lot 39. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Greene seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.23  Plaintiff Heidi Hancock is a homeowner who resides in Katy, Texas. Ms. Hancock owns a single-family home located at 20814 Grenoble Lane, Katy, Texas 77450, more particularly described as Cinco Ranch Southpark, Section 1, Block 1, Lot 18. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Ms. Hancock seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.24  Plaintiffs Veronica and Janier Higaredo-Perez are homeowners who reside in Houston, Texas. Mr. and Mrs. Higaredo-Perez own a single-family home located at 6214 Rexton Drive, Houston, Texas 77084, more particularly described as Lot 10, Block 3, Jamestown Colony, Section 3. As a result of the Corp's design and operation of the

Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Ms. Higaredo-Perez seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.25 Plaintiffs Zhou and Josephine Huang are homeowners who reside in Katy, Texas. Mr. and Mrs. Huang own a single-family home located at 20838 Avery Cove Lane, Katy, Texas 77450, more particularly described as Grand Lake Phase Three, Section 10, Block 1, Lot 24, Grand Lakes. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Ms. Huang seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.26 Plaintiff Mark Hundley is a homeowner who resides in Katy, Texas. Mr. Hundley owns a single-family home located at 4222 Morning Willow Drive, Katy, Texas 77450, more particularly described as Greens at Willow Fork, Section 2, Block, 2, Lot 4. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Hundley seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.27  Plaintiff Tena Jarolimek is a homeowner who resides in Katy, Texas. Ms. Jarolimek owns a single-family home located at 20322 Memorial Pass Drive, Katy, Texas 77450, more particularly described as Canyon Gate, Cinco Ranch Section 5, Block 3, Lot 13. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Ms. Jarolimek seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.28  Plaintiffs Cynthia and Gregory Johnson are homeowners who reside in Katy, Texas. Mr. and Mrs. Johnson own a single-family home located at 21511 Briar Landing Lane, Katy, Texas 77450, more particularly described as Grand Lakes, Phase Three, Section 11, Block 3, Lot 1. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. and Ms. Johnson seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.29  Plaintiffs Michael and Carla Jones are homeowners who reside in Katy, Texas. Mr. and Mrs. Jones own a single-family home located at 6605 Everhill Circle, Katy, Texas 77450, more particularly described as Cinco Ranch, Southpark, Section 1, Block 4, Lot 27. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private

land as if part of its retention system,  Mr. and Ms.  Jones seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.30  Plaintiff  Eduardo Jurado is a homeowner who resides in Katy, Texas. Mr. Jurado owns a single-family home located at 6519 Faulkner, Katy, Texas 77450, more particularly described as Cinco Ranch, Southpark, Section 1, Block 5, Lot 2. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Jurado seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.31  Plaintiff Mohamad Kaafarani is a homeowner who resides in Katy, Texas. Mr. Kaafarani owns a single-family home located at 20319 Nellie Gail Trail, Katy, Texas 77450 more particularly described as Lot 60, Block 1, Cinco Ranch Equestrian Village Section 2. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Kaafarani seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.32  Plaintiff Mohammed Khan is a homeowner who resides in Houston, Texas. Mr. Khan owns a two single-family homes located at  16111 Aspenglenn Drive, Apts 505 and 506, Houston, Texas 77084, more particularly described as Unit 505 and 506, Building D, Aspen Club Condo, Phase 1. As a result of the Corp's design and operation of the

Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Khan seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.33 Plaintiff Pita Kleber is a homeowner who resides in Katy, Texas. Mr. Kleber owns a single-family home located at 22003 Henneck Court, Katy, Texas 77450, more particularly described as Cinco Ranch, Greenway Village, Section 11, Block 3, Lot 8. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Kleber seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.34 Plaintiffs Karl and Johanna Krueger are homeowners who reside in Katy, Texas. Mr. and Mrs. Krueger own a single-family home located at 5607 Bergenfield Court, Katy, Texas 77450, more particularly described as Cinco Ranch, Greenway Village, Section 12, Block 3, Lot 28. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Ms. Krueger seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.35  Plaintiff Vijay Lakkaraju is a homeowner who resides in Katy, Texas. Ms. Lakkaraju owns a single-family home located at 4014 Belvoir Park Drive, Katy, Texas 77450, more particularly described as Greens at Willow Fork, Section 1, Block 1, Lot 9.  As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Ms. Lakkaraju seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.36  Plaintiff Ji Young Lee is a homeowner who resides in Katy, Texas. Ms. Lee owns a single-family home located at 6250 Piedra Negras Court, Katy, Texas 77450, more particularly described as Canyon Gate, Cinco Ranch, Section 1, Block 1, Lot 66 . As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Lee seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.37  Plaintiff George Martinez is a homeowner who resides in Houston, Texas. Mr. Martinez owns a single-family home located at 5602 Charlestown Colony Drive, Houston, Texas 77084, more particularly described as Lot 13, Block 3, Charlestown Colony, Section 2. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private

land as if part of its retention system,  Mr. Martinez seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.38  Plaintiff Mehmandoost Mehrzad is a homeowner who resides in Katy, Texas. Mr. Mehrzad owns a single-family home located at 6215 Canyon Run Court, Katy, Texas 77450 more particularly described as Canyon Gate, Cinco Ranch, Section 4, Block 1, Lot 26. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Mehrzad seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.39  Plaintiffs Robert and Marina Miklaszewicz are homeowners who reside in Houston, Texas. Mr. and Mrs. Miklaszewicz own a single-family home located at 18601 Kingsland Blvd., Houston, Texas 77094 more particularly described as TR 3, Kingsland Estates, Section 2 UR. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Miklaszewicz seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.40  Plaintiff Alejandro Navarrete is a homeowner who resides in Katy, Texas. Mr. Navarrete owns a single-family home located at 20702 Grenoble Lane, Katy, Texas 77450 more particularly described as Cinco Ranch, Southpark, Section 1, Block 1, Lot 10. As a

result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Navarrete seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.41  Plaintiff Trish Nguyen is a homeowner who resides in Houston, Texas.  Ms. Nguyen owns a single-family home located at 5906 Angel Falls Lane, Houston, Texas 77041 more particularly described as Lot 20, Block 3, Concord Bridge, Section 4. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Ms. Nguyen seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.42  Plaintiff Daniel Park is a homeowner who resides in Katy, Texas. Mr. Park owns a single-family home located at 20931 Field Manor Lane, Katy, Texas 77450 more particularly described as Grand Lakes, Phase Three, Section 9, Block 1, Lot 17. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Park seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.43  Plaintiff Jason Pearce is a homeowner who resides in Katy, Texas. Mr. Pearce owns a single-family home located at  5619 Overton Park Drive, Katy, Texas 77450 more

particularly described as Cinco Ranch, Southpark, Section 3, Block 3, Lot 26. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Pearce seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.44 Plaintiff Marixa Peraza is a homeowner who resides in Houston, Texas. Ms. Peraza owns a single-family home located at 16111 Aspenglenn Drive, #307, Houston, Texas 77084, more particularly described as Unit 307, Building C, Aspen Club Condo, Phase 1. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Ms. Peraza seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.45 Plaintiffs Vladimir and Ellie Petsev are homeowners who reside in Katy, Texas. Mr. and Mrs. Petsev own a single-family home located at 5611 Bergenfield Court, Katy, Texas 77450, more particularly described as Cinco Ranch, Greenway Village, Section 11, Block 3, Lot 27. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Petsev seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.46  Plaintiff Suzanne Powell is a homeowner who resides in Houston, Texas. Ms. Powell owns a single-family home located at 13539 Clayton Hill Drive, Houston, Texas 77041, more particularly described as Lot 9, Block 7, Concord Bridge Section 7. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Ms. Powell seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.47  Plaintiff Sherri Putt is a homeowner who resides in Katy, Texas. Ms. Putt owns a single-family home located at 20902 Nettlebrook Lane, Katy, Texas 77450 more particularly described as Cinco Ranch, Southpark Section 1, Block 5, Lot 33. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Ms. Putt seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.48  Plaintiff Enelia Ramos is a homeowner who resides in Katy, Texas. Ms. Ramos owns a single-family home located at 6505 Emerald Canyon Road Katy, Texas 77450 more particularly described as Canyon Gate, Cinco Ranch, Section 5, Block 3, Lot 1. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private

land as if part of its retention system,  Ms. Ramos seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.49 Plaintiff Sahraei Ranjbar is a business owner doing business in Houston, Texas. Mr. Ranjbar does business at 16461 Clay Road, Houston, Texas 77084.  As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Ranjbar seeks to recover just compensation from the Corps for its taking of his personal and business property for public use.

1.1.50  Plaintiff Carlos Remis is a homeowner who resides in Katy, Texas. Mr. Remis owns a single-family home located at 2902 Nueces Canyon Court, Katy, Texas 77450 more particularly described as Lot 50, Block 2, Cinco Ranch Equestrian Village, Section 1. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Remis seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.51  Plaintiff Tonmoy Roy is a homeowner who resides in Katy, Texas. Mr. Roy owns a single-family home located at 5706 Walkabout Way, Katy, Texas 77450 more particularly described as Cinco Ranch, Southpark, Section 3, Block 3, Lot 7. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part

of its retention system, Mr. Roy seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.52 Plaintiff Jesse Shurtz is a homeowner who resides in Houston, Texas. Mr. Shurtz owns a single-family home located at 4607 Sylvan Glen Drive, Houston, Texas 77084 more particularly described as Lot 51, Block 10, Bear Creek Village, Section 6. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Shurtz seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.53 Plaintiff Matthew Sparks is a homeowner who resides in Katy, Texas. Mr. Sparks owns a single-family home located at 6254 Piedra Negras Court, Katy, Texas 77450 more particularly described as Canyon Gate, Cinco Ranch, Section 1, Block 1, Lot 65. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Sparks seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.54 Plaintiffs Franky and Hartati Sulistio are homeowners who reside in Katy, Texas. Mr. and Mrs. Sulistio own a single-family home located at 5231 Summerside Drive, Katy, Texas 77450, more particularly described as Cinco Ranch, Meadow Place, Section 5, Block 2, Lot 47. As a result of the Corp's design and operation of the Addicks/Barker

reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. and Mrs. Sulistio seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.55  Plaintiff Resan Sumo is a homeowner who resides in Richmond, Texas. Mr. Sumo owns a single-family home located at 19206 Heather Springs Lane, Richmond, Texas 77407 more particularly described as Grand Mission, Section 7, Block 4, Lot 10. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Sumo seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.56  Plaintiff Cindy Tan-Hartono is a homeowner who resides in Katy, Texas. Ms. Tan-Hartono owns a single-family home located at 4114 Garden Branch Court, Katy, Texas 77450 more particularly described as Cinco at Willowfork, Section 1, Block 1, Lot 60. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Ms. Tan-Hartono seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.57  Plaintiff Christopher Tedder is a homeowner who resides in Katy, Texas. Mr. Tedder owns a single-family home located at 6614 Everhill Circle, Katy, Texas 77450 more

particularly described as Cinco Ranch, Southpark, Section 1, Block 4, Lot 29. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Tedder seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.58 Plaintiff, Annmarie Van Natter is a homeowner who resides in Katy, Texas. Ms. Van Natter owns a single-family home located at 6214 Morgan Canyon Court, Katy, Texas 77450 more particularly described as Canyon Gate, Cinco Ranch, Section 1, Block 1, Lot 26. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically,  the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Ms. Van Natter seeks to recover just compensation from the Corps for its taking of her real and personal property for public use.

1.1.59  Plaintiffs Leanne and Jesus Vargas are homeowners who reside in Houston, Texas. Mr. and Mrs. Vargas own a single-family home located at  4111 Scone, Houston, Texas 77084 more particularly described as Lot 22, Block 5, Pine Forest Village. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. and Mrs. Vargas seeks to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.1.60  Plaintiff Pablo Vives is a homeowner who resides in Katy, Texas. Mr. Vives owns a single-family home located at 1914 Parklake Village, Katy, Texas 77450 more particularly described as Lot 4, Block 1, Parklake Village. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system, Mr. Vives seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.61  Plaintiff Fomunyoh Walters is a homeowner who resides in Richmond, Texas. Mr. Walters owns a single-family home located at 7715 Silent Timber Lane, Richmond, Texas more particularly described as Twin Oak Village, Section 10, Block 2, Lot 19. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Walters seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.62 Plaintiff Eckie Woodard is a renter who resided in Houston, Texas. Mr. Woodard rented property at  16111 Aspenglenn Drive, Apt. 908, Houston, Texas 77084.  As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Woodard seeks to recover just compensation from the Corps for its taking of his personal property for public use.

1.1.63 Plaintiff Nasser Zaghmout is a homeowner who resides in Katy, Texas. Mr. Zaghmout owns a single-family home located at 6302 Holly Canyon Court, Katy, Texas 77450 more particularly described as Canyon Gate, Cinco Ranch, Section 7, Block 1, Lot 9. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. Zaghmout seeks to recover just compensation from the Corps for its taking of his real and personal property for public use.

1.1.64 Plaintiffs Lorena and Heriberto Zamora are homeowners who reside in Houston, Texas. Mr.  and Mrs. Zamora owns a single-family home located at 15623 Cascade Point Drive, Houston, Texas 77084 more particularly described as Lot 52, Trs 51A & 53A Block 23, Bear Creek Village, Section 7. As a result of the Corp's design and operation of the Addicks/Barker reservoir system, specifically, the Corps' deliberate storage of government-controlled water on adjacent private land as if part of its retention system,  Mr. and Mrs. Zamora seek to recover just compensation from the Corps for its taking of their real and personal property for public use.

1.2    Defendant is the United States Government, including the Corps and any federal, state, or local agency or instrumentality working under the auspices of the federal government, all of whom may be served through the National Courts Section, Commercial Litigation Branch, Civil Division U.S. Department of Justice, Washington, DC 20530; telephone: 202-514-7300.

## 2.  Jurisdiction

2.1     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(1), as this inverse condemnation action seeks monetary compensation from the United States pursuant to the Fifth Amendment of the U.S. Constitution.

2.2     The Government and the Corps have consented to venue in the Court of Federal Claims for takings claims.

## 3.  No Previous Lawsuits

3.1     Plaintiffs have not begun any other lawsuits in state or federal court dealing with the same or similar facts involved in this action.

## 4.  Facts

### *The Corps' Flood-Control System:  Barker and Addicks Reservoirs and Dams*

4.1     Between August 25th and August 29th, 2017, Hurricane Harvey hit Houston bringing with it rainfall for over four days.   Despite Hurricane Harvey's heavy rainfall, which caused many areas in Houston to flood, most Plaintiffs suffered no such flood damage, and none suffered any flood damage as result of that heavy rainfall comparable to the flood damage caused by the subsequent reservoir waters.

4.2     In the 1940s the Corps addressed Houston's recurring problem of stifling rain and unpredictable flood paths by designing and developing the Barker[1] and Addicks[2]

---

[1] The Barker Reservoir and Dam consists of an earthen embankment that is 71,900 feet long, which runs along the south, east, and northern sides of its reservoir. There is no embankment on its west side. The top of dam elevation ranges from 110.0 to 113.1 feet. Barker's design pool elevation is approximately 106 feet, and maximum project storage capacity is 209,000 acre-feet.  Barker Dam includes auxiliary spillways at the northern and southern ends of the dam. The northern auxiliary spillway is roughly 3,000 feet long, with an average crest elevation of 105.5 feet. The southern auxiliary spillway is roughly 12,500 feet long, with an

reservoir system.  The Corps has continued to own and operate these reservoirs since that time.

4.3     The Reservoirs' primary objective is to prevent or reduce flood damage downstream along the Buffalo Bayou corridor by impounding as much floodwater as possible during significant weather events. The dam gates are situated at the northeast corner of the Barker reservoir and at the south-east side of the Addicks; both drain into tributaries that unite in the Buffalo Bayou, which cuts through Houston from the west-side reservoirs, through downtown, through the east side and into the ship channel. The gates remain open most of the time, but close at the Corps discretion.  The Corps impounds the water when closing the dam gates. Certain auxiliary spillways are designed for water to flank around its sides, as opposed to the reservoir pools overtopping the crest elevation.

4.4     Under non-flooding conditions, the Corps opens the conduit gates to pass low-flow water (i.e., 300-500 cfs) down Buffalo Bayou so as to keep the Reservoirs empty and dry. When rains occur in the Reservoirs' watershed that are insufficient to cause downstream flooding, the Corps operates the Reservoirs so that their combined releases, together with downstream runoff between the dams and the Piney Point station, do not exceed 2,000 cfs. When the Corps predicts or observes significant rainfall sufficient to cause

---

average crest elevation of 106.7 feet.
[2] The Addicks Dam consists of an earthen embankment that is 61,166 feet long, which runs along the south and east sides of its reservoir. There is no embankment on its west or north sides. The top of dam elevation ranges from approximately 117.4 to 121 feet. Addicks' design pool elevation is approximately 115 feet, and maximum project storage capacity is 200,800 acre-feet. Addicks Dam includes two auxiliary spillways at the northern and southern ends of the dam.  Its northern auxiliary spillway has an average crest elevation of 112.5 feet.  The southern auxiliary spillway is roughly 10,500 feet long, with an average crest elevation of 115.5.

downstream flooding, it closes the conduit gates to detain and impound floodwater, thereby protecting downstream properties.

4.5    The Corps keeps the gates closed until flows at the Piney Point station stabilize such that releases can be made without risk of downstream flooding, or until the Reservoirs' pool elevations rise to such an extent to require emergency releases. After it deems that the threat of downstream flooding has passed, the Corps opens the gates to release the impounded floodwater down Buffalo Bayou until the Reservoirs are empty.

4.6    Accordingly, these Reservoirs protect downstream structures by serving as "detention" basins (i.e., they detain floodwater that would otherwise flow into Buffalo Bayou). The Corps designs, operates, and controls the Reservoirs so that all land within their respective project boundaries –including those beyond the government owned land ("GOL")– will store the purposefully impounded floodwater.

***Limits of government owned land, effect of development on flow rates and pool sizes***

4.7    The Corps recognized what the above figures reflect, that "[b]oth Addicks and Barker Dams can impound or store more water than the Corps owns real estate to store it on."

4.8    The Corps began acquiring some of the real property that would become part of the GOL in the early 1940s. Upon information and belief, the Corps only purchased land within the 100-year pool level (i.e., the pool elevation associated with a 100-year flood).

4.9    In summary, the Addicks and Barker have, respectively, 42% and 60% of their

storage capacity beyond the GOL limits. Accordingly, pool elevations from any significant rainfall will inevitably result in the intentional storage of impounded floodwater on private property in the "fringe areas" that extend beyond the GOL limits but are within the Reservoirs' respective pool areas. Upon information and belief, the Corps does not own any property in this "fringe area," never attempted to purchase an inundation, flowage, or drainage easement, and never obtained permission from any landowners in the "fringe area" to store impounded floodwater on their tracts. These "fringe areas" comprise roughly 8,700 acres.

      4.10    In addition to the existing limitations of the reservoir capacity, the Corps was also aware that increased urbanization, coupled with the Corps' standard Reservoir regulation procedures, would lead to more frequent, bigger, and longer impoundments of floodwater. A USGS study had hypothesized that "complete urbanization increases the magnitude of a 2-year flood nine times and increases the magnitude of a 50-year flood five times." The Corps' Chief of Operations Division summarized the Corps' knowledge of these factors in an internal email, which stated in part that:

> These changes in the dams and reservoirs and the land use of the areas downstream and upstream of the dams and reservoirs has resulted in an increase in the volume of flows into the reservoirs, the rate at which the flows get to the reservoirs, the size of the pool generated within the reservoirs, and the time it takes to empty the reservoirs. This can be seen by looking at the top 10 pools for Addicks and Barker Reservoirs. Of the top 10 at Addicks, 8 have occurred since 1990. Of the top 10 at Barker, 9 have occurred since 1990.

4.11     The Corps also analyzed the probability of impounding floodwater beyond the GOL limits during various predicted weather events. For Addicks, the Corps calculated that GOL limits had a 38% probability of being exceeded during a 250-year storm (i.e, a .4% annual chance weather event).

4.12     For Barker, the Corps calculated that GOL limits had a 50% probability of being exceeded during a 100-year storm (i.e., a 1% annual chance weather event). Accordingly, it was highly foreseeable to the Corps that, during even a 100-year storm, the Corps' standard reservoir regulation procedures would result in the intentional impoundment and storage of floodwater beyond the GOL limits.

4.13     Since 2005 the Corps has discovered additional deficiencies in the dam system calling for risk reduction measures.  Since adopting a plan to address these deficiencies—which includes setting the maximum pool elevations for Addicks and Barker significantly even lower, such that the Corps recognizes that a single rainfall event greater than approximately 16 inches would result in the Corps' storage of impounded floodwater beyond the GOL limits. For Barker,  a single event rainfall greater than 12.9 inches would result in the storage of impounded floodwater beyond the GOL limits.

### The Corps' Taking of Plaintiffs' Property

4.14     On August 25, 2017 at 8 p.m., as Hurricane Harvey began to inundate Houston, Texas with heavy rain the Corps ordered the floodgates to the two federally owned and operated systems of dams and reservoirs, the Addicks and Barker reservoirs, to be

closed.  The storm ultimately brought in over 30 inches of rain, nearly twice the volume of

water beyond the GOL limits discussed above.

     4.16    During the course of the storm, the Corps issued statements concerning the

status of the reservoirs and its actions:

> On Friday August 25, 2017, the Corps educated the public on
> the procedures ahead; he explained that "both reservoirs are
> normally kept dry to preserve their overall capacity to impound
> floodwater and reduce flood levels in Buffalo Bayou." The
> Corps also explained that in accordance with the Corps'
> standard protocols, "when a rain event occurs, the gates are
> closed on the Addicks and Barker dams to reduce flooding
> impacts to residents downstream. When downstream runoff
> recedes to nondamaging stages, reservoir operations resume,
> and the gates are re-opened to release water back to normal
> levels."  (PR 17-028).

> The same day, the Corps issued a subsequent press release
> confirming that the Reservoirs were currently empty and were
> functioning under normal conditions.  (PR 17-029).

> On Sunday August 27, 2017, the Corps stated that it would
> likely have to release "intermittent amounts" of floodwater
> from both Addicks and Barker "to reduce the risk to the
> Houston metropolitan area." The Corp's local district
> commander, stated that "[t]hese structures continue to perform
> as they were designed to do, which is to protect against flooding
> in downtown Houston and the Houston Ship Channel." The
> Corps also stated that structures will be impacted upstream
> from the Reservoirs, and that the Corps expected to retain
> floodwater for approximately one to three months after the rain
> subsides. (PR 17-030).

> On August 28, 2017, the Corps announced that both reservoirs
> were rising by more than half a foot per hour, and that
> "according to Corps models," upstream homes would start
> flooding in a matter of hours. The Corps also announced that it
> planned to start releasing impounded floodwater into Buffalo
> Bayou at 1,600 cfs, and would increase the release rate to 8,000

cfs over the next 6 to 10 hours. (PR 17-031).

In its next August 28th press release, the Corps admitted that, as of 5 p.m., the impounded floodwater from Addicks and Barker dams "extends beyond the government-owned reservoir land." The Corps stated that at that time the pool elevations were 105 and 99 feet for Addicks and Barker, respectively. (PR 17-032). Thus, by August 28th, the Corps had intentionally impounded floodwaters in both Reservoirs on private property well beyond the GOL limits.

On August 30, 2017, the Corps indicated that it had made the decision to make increased controlled releases to maintain control of the Addicks and Barker Dams. (PR 17-033). The controlled releases eventually reached 16,000 cfs, and, as predicted, did massive damage to the downstream structures located in the Buffalo Bayou corridor. The Corps explained that the increased releases were necessary because pool elevations threatened the Corps' structures, and because rapid inflows to the Reservoirs impacted the normal operation of the gates, and could have caused unacceptable risk to the spillway. (PR 17-033).

On August 31, 2017, the Corps confirmed there had been no breaches to the Addicks and Barker Dams. (PR 17-034).

4.17    In summary, the Corps purposefully operated both Reservoirs with the intent of impounding detained floodwater on private property owned by Plaintiffs. These operations were consistent with the Reservoir's public purpose: to prevent flooding downstream in the Buffalo Bayou corridor and downtown Houston.

4.18    Plaintiffs' homes and property became a repository for reservoir water, ousting Plaintiffs from their homes, which along with their cars and personal effects, marinated for days (and in some cases weeks) before draining.

4.19    Plaintiffs suffered loss of personal property and their homes devalued,

rendered completely uninhabitable, and permanently damaged. Plaintiffs will need to expend

significant resources to remediate, repair, and/or rebuild their homes.

4.20    Due to the nature of the Corps' actions, Plaintiffs were largely unable to

mitigate the damage to their real and personal property caused by the intentional flooding.

## 5.   Cause of Action: Inverse Condemnation Taking

5.1    Plaintiffs adopt and incorporate by reference all allegations made above.

5.2    The Fifth Amendment to the U.S. Constitution provides that when the

government takes private property for public use, the government must pay just

compensation.

5.3    Under Texas law, Plaintiffs had private property interests in the personal and

real property located at their residence. The Corps' intentional impoundment of reservoir

water as described above took and destroyed Plaintiffs' private property.

5.4    Plaintiffs had distinct, reasonable, and investment-backed expectations that

their properties would not be subject to flooding or such impoundment, in line with

historical flooding patterns.

5.5    For its benefit and the benefit of the public, the Government intentionally

impounded and detained floodwater on Plaintiffs' property and, in the process, preempted

Plaintiffs' rights to use and enjoy their property.

5.6    By purposefully inundating, destroying, damaging and/or devaluing Plaintiffs'

property in August-September 2017, the Government took a permanent interest in Plaintiffs'

property.

5.7     The inundation of, destruction of, substantial damage to and/or devaluation of Plaintiffs' property and businesses resulting from the Government's purposeful storage of detained floodwater in August-September 2017 therefore constitutes a physical taking of Plaintiffs' property by the Government without just compensation, all in violation of the takings clause of the Fifth Amendment to the United States Constitution.

5.8     In addition, the Government's above-described long-term flood control program, which enables it to impound and detain floodwaters at its discretion, further demonstrates and confirms the Government's permanent commitment to repeatedly store impounded floodwater on Plaintiffs' property whenever the Reservoir's pool elevations exceed the GOL limits. The Addicks and Barker Dams can both detain, impound, and store more water than the Governments owns real estate on which to store it. Thus, by definition, and by application of fundamental hydrology principles, each time the Government impounds floodwater at pool elevations greater than 102 and 95.5 feet, for Addicks and Barker, respectively, the Government will flood properties and businesses located in the above-described "fringe areas."

5.9     Accordingly, the Government's violations of the takings clause of the Fifth Amendment to the United States Constitution are ongoing, continuous and permanent. Pursuant to this permanent, ongoing and continuous flood control program, which is carried out by and through the authorized actions of the Corps, the Government -- in violation of

the takings clause of the Fifth Amendment to the United States Constitution -- appropriated inundation, drainage and/or flowage easements over Plaintiffs' property without just compensation.

5.10    The inundation, destruction of, substantial damage to and/or devaluation of Plaintiffs' homes, businesses, buildings, structures, equipment, and other real and personal property was the natural, direct, foreseeable and probable consequence of the Government's authorized actions.

5.11    As a direct result of the Corps' decisions and actions, Plaintiffs' homes and private property were flooded, which caused damage to personal property, such as personal vehicles and personal effects; damage to home improvements and the structures on the property; and decreased market value to the real estate resulting from the Corps' decision to appropriate Plaintiffs' property as a flooding easement. Specifically,

5.11.1  Edgar Ablan has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.2 Neil Alba has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.3  Waseem Ahmad has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.4  Christina Banker has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.5  Karen and Thomas Bavoso have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.6  Stephen Burrows has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.7  Patti Butler has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.8  Gary and Mary Carville have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.9  Sangyup Chae has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.10      Jose Casas has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.11  Jon Christenson has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.12    Brandi Clancy has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.13    Omar and Patricia Corallo  have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.14    Maria and Hector Delgado have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.15    Hemraj Gaidhani has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.16    Marcial and Ivonne Felix have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.17    Reyna Gamero has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.18    Fernando and Lydia Garcia have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.19     William and Amy Gleason have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.20     Craig Goeses has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.21     Carolyn Gomez has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.22     Darnell Greene has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.23      Heidi Hancock has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.24      Veronica and Janier Higaredo-Perez have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.25      Zhou and Josephine Huang have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.26      Mark Hundley has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.27    Tena Jarolimek has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.28    Cynthia and Gregory Johnson have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.29    Michael and Carla Jones have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.30    Eduardo Jurado has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.31     Mohamad Kaafarani has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.32     Karl and Johanna Krueger have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.33     Pita Kleber has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.34     Mohammed Khan has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.35    Vijay Lakkaraju has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.36    Ji Young Lee has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.37    George Martinez has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.38    Mehmandoost Mehrzad  has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.39    Robert and Marina Miklaszewicz have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.40    Alejandro Navarrete has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.41    Trish Nguyen has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.42    Daniel Park has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.43     Jason Pearce has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.44     Marixa Peraza has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.45     Vladimir and Ellie Petsev have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.46     Suzanne Powell has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.47    Sherri Putt has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.48    Enelia Ramos has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.49    Sahraei Ranjbar has suffered loss of business use of his business resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.50    Carlos Remis has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.51    Tonmoy Roy has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real

property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.52     Jesse Shurtz has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.53     Matthew Sparks has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.54     Franky and Hartati Sulistio have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.55     Resan Sumo has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real

property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.56      Cindy Tan-Hartono has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.57      Christopher Tedder has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.58      Annmarie Van Natter has suffered damages to her real and personal property, including personal vehicles and personal effects; damage to her physical home, home improvements, and the structures on the property; and decreased market value of her real property resulting from the Corps' decision to appropriate her property as a flooding easement.

5.11.59      Leanne and Jesus Vargas have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value

of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.11.60    Pablo Vives has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.61    Formunyoh Walters has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.62    Eckie Woodard suffered damages to his personal property, including personal vehicles and personal effects resulting from the Corps' decision to appropriate his residence as a flooding easement.

5.11.63    Nasser Zaghmout has suffered damages to his real and personal property, including personal vehicles and personal effects; damage to his physical home, home improvements, and the structures on the property; and decreased market value of his real property resulting from the Corps' decision to appropriate his property as a flooding easement.

5.11.64    Lorena and Herberto Zamora have suffered damages to their real and personal property, including personal vehicles and personal effects; damage to their physical home, home improvements, and the structures on the property; and decreased market value of their real property resulting from the Corps' decision to appropriate their property as a flooding easement.

5.12    The Corps' decisions and actions deprived Plaintiffs of the use, occupancy, and enjoyment of their homes and properties, which was a substantial and severe injury.

5.13    The United States has not compensated or offered to compensate Plaintiffs for the taking of their real and personal property.

## 6.  Relief Sought

6.1    Compensation. As a direct result of (i) the inundation of, destruction of, substantial damage to and/or devaluation of Plaintiffs' property by the Government's intentional storage of detained floodwater on Plaintiff 's property in August-September 2017, and (ii) the Government taking a permanent interest in Plaintiffs' property, including taking, exceeding and/or expanding inundation easements over Plaintiffs' property, Plaintiffs are entitled to recover just compensation and such other appropriate relief as the Court deems just and proper in an amount to be determined by the trier of fact. All losses sustained by Plaintiffs were reasonably foreseeable by the Government. All conditions precedent to Plaintiffs' claims for relief have been performed and/or occurred.

6.2    Attorneys' Fees, Litigation Expenses and Costs.  Plaintiffs are also entitled to recover reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred in this proceeding pursuant to 42 U.S.C. § 4652, and Rule 54 of the Rules of the United States Court of Federal Claims.

## 7.  Prayer

Plaintiffs pray that, after due proceedings, there be judgment rendered herein in their favor against the United States for all sums that are reasonable including, without limitation thereby, actual damages to Plaintiffs' real and personal property, reasonable fees and expenses incurred herein, together with pre- and post-judgment interest and all other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**VB Attorneys, PLLC**

/s/ Vuk Vujasinovic
_____

**Vuk S. Vujasinovic** (lead attorney)
Fed. No. 19497, Tx No. 00794800
**Brian Beckcom** of counsel
Fed. No. 24318, Tx No. 24012268
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713.224.7800
713.224.7801 fax

**Attorneys for Plaintiffs**
**Edgar Ablan, Neal Alba, Waseem Ahmad, Christina Banker, Karen and Thomas Bavoso, Stephen Burrows, Patti Butler, Gary**

and Mary Carville, Sangyup Chae, Jose Casas, Jon Christenson, Brandi Clancy, Omar and Patricia Corollo, Maria and Hector Delgado, Hemraj Gaidhani, Marcial and Ivonne Felix, Reyna Gamero, Fernando and Lydia Garcia, William and Amy Gleason, Craig Goeses, Carolyn Gomez, Darnell Green, Heidi Hancock, Janier Higaredo-Perez, Zhou and Josephine Huang, Mark Hundley, Tena Jarolimek, Cynthia and Gregory Johnson, Michael and Carla Jones, Eduardo Jurado, Mohamad Kaafarani, Karl and Johanna Krueger, Pita Kleber, Mohammed Khan, Vijay Lakkaraju, Ji Young Lee, George Martinez, Mehmandoost, Mehrzad, Robert and Marina Miklaszewicz, Alajendro Navarrete, Trish Nguyen, Daniel Park, Jason Pearce, Marixa Peraza, Vladimir and Ellie Petsev, Suzanne Powell, Sherri Putt, Enelia Ramos, Sahraei Ranjbar, Carlos Remis, Tonmoy Roy, Jesse Shurtz, Matthew Sparks, Franky and Hartati Suistio, Resan Sumo, Cindy Tan-Hartono, Christopher Tedder, Annmarie Van-Netter, Leanne and Jesus Vargas, Pablo Vives, Formunyoh Walters, Eckie Woodard, Nasser Zaghmout and Lorena and Herberto Zamora